UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

ANNIVERSARY MINING CLAIMS, LLC,

Plaintiff(s),

v.

UNITED STATES OF AMERICA,

Defendant(s).

Case No. 2:19-CV-458 JCM (CWH)

ORDER

Presently before the court is defendant Clark County's ("the county") motion to dismiss. (ECF No. 19). Plaintiff Anniversary Mining Claims, LLC ("Anniversary") filed a response (ECF No. 28), to which the county replied (ECF No. 29).

Also before the court is defendants Bureau of Land Management, Federal Highway Administration, Lake Mead National Recreation Area, National Park Service, Nevada State Office for the Bureau of Land Management, Southern Nevada District Office for the Bureau of Land Management, United States Department of the Interior, and the United States of America (collectively "the federal defendants") motion to dismiss. (ECF No. 25). Anniversary filed a response (ECF No. 30), to which the federal defendants replied (ECF No. 34).

I.      **Background**

The instant action arises from Anniversary's purported interest in using the "Anniversary Mine/Narrows Road" for commercial purposes. On March 25, 2019, Anniversary filed its complaint, alleging three claims for relief: "quiet title in a right-of-way across federal public lands pursuant to [Revised Statute ('R.S.')][1] 2477"; "declaratory judgment recognizing a right-of-way

---

[1]  The Revised Statutes were the first official codification of the Acts of Congress. They have been replaced by the United States Code.

across federal public lands pursuant to R.S. 2477, as against Clark County"; and injunctive relief. (ECF No. 1 at 11, 13, 14). Anniversary's claims are brought under the Quiet Title Act ("QTA"), 28 U.S.C. § 2409a, which reads: "The complaint shall set forth with particularity the nature of the right, title, or interest which the plaintiff claims in the real property, the circumstances under which it was acquired, and the right, title, or interest claimed by the United States." 28 U.S.C. § 2409a(d); (*see also* ECF No. 1).

Before its 1976 repeal by the Federal Land Policy and Management Act ("FLPMA"), R.S. 2477 stated: "The right of way for the construction of highways over public lands, not reserved for public uses, is granted." FLPMA subsequently preserved existing "right[s]-of-way or right[s]-of-use . . . issued, granted, or permitted" before that statute's enactment. 43 U.S.C. § 1769(a).

Anniversary's complaint alleges that mineral claims to the Anniversary Mine originated in 1921, pursuant to rights established by the General Mining Act of 1872. (ECF No. 1 at 5–6). The relevant predecessors in interest ("PII") unearthed mineral products and drove them to purchasers. *Id.* "On April 27, 1943, approximately 221 acres were patented to [Anniversary's] predecessor in interest . . . ." *Id.* at 6. That property was apparently landlocked by public lands. *Id.*

After a road that the PIIs constructed for transport was condemned by the United States in 1952, those owners instead utilized the Anniversary Mine/Narrows Road for ingress, egress, and commercial purposes. *Id.* Anniversary contends that the Anniversary Mine/Narrows Road is a public highway pursuant to Nevada Revised Statute ("NRS") §§ 405.191 and 403.190.[2] *Id.* at 8–9.

"In 1964, the Lake Mead National Recreation Area ('NRA') was created by Congress with management of the land vested with the United States Department of the Interior National Park Service." *Id.* at 6. Anniversary asserts that 16 U.S.C. § 460n *et seq.* did not eradicate roads or rights-of-way within the NRA. *Id.*

Yet "the [Bureau of Land Management] informed Anniversary's predecessor [in 2015] that it could not improve the Anniversary Mine Road across the BLM lands to make use of it for mining

---

[2] As the county notes, Anniversary erroneously refers to NRS 403.191, which does not exist. Accordingly, the court assumes that Anniversary intended to refer to NRS 403.190.

purposes" because the National Park Service would not permit commercial uses of that road. *Id.* Further, Anniversary claims that the county "has been improperly imposing fines and fees for permits related to the Anniversary Mine property," which has, in turn, prevented Anniversary from timely renewing its permits for an incinerator air curtain. *Id.* at 10.

Anniversary now wishes to protect or otherwise assert its alleged interest in the road for commercial use.

## II.    Legal Standard

### A.    *Dismissal pursuant to 12(b)(1)*

Federal Rule of Civil Procedure 12(b)(1) allows defendants to seek dismissal of a claim or action for a lack of subject matter jurisdiction. Dismissal under rule 12(b)(1) is appropriate if the complaint, considered in its entirety, fails to allege facts on its face that are sufficient to establish subject matter jurisdiction. *In re Dynamic Random Access Memory (DRAM) Antitrust Litigation,* 546 F.3d 981, 984–85 (9th Cir. 2008). Although the defendant is the moving party in a motion to dismiss brought under Rule 12(b)(1), the plaintiff is the party invoking the court's jurisdiction. As a result, the plaintiff bears the burden of proving that the case is properly in federal court. *McCauley v. Ford Motor Co.,* 264 F.3d 952, 957 (9th Cir. 2001) (*citing McNutt v. General Motors Acceptance Corp.,* 298 U.S. 178, 189 (1936)).

Federal courts have limited jurisdiction. *Owen Equip. & Erection Co. v. Kroger,* 437 U.S. 365, 374 (1978). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes of the Colville Reservation,* 873 F.2d 1221, 1225 (9th Cir. 1989). Thus, "federal subject matter jurisdiction must exist at the time an action is commenced." *Mallard Auto. Grp., Ltd. v. United States,* 343 F. Supp. 2d 949, 952 (D. Nev. 2004).

> [A] plaintiff, suing in a federal court, must show in his pleading, affirmatively and distinctly, the existence of whatever is essential to federal jurisdiction, and, if he does not do so, the court, on having the defect called to its attention or on discovering the same, must dismiss the case, unless the defect be corrected by amendment.

*Smith v. McCullough,* 270 U.S. 456, 459 (1926).

*B. Dismissal pursuant to 12(b)(6)*

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

"Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 678-79. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.*

Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that defendant is liable for the alleged misconduct. *Id.* at 678.

Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but it has not shown—that the pleader is entitled to relief." *Id.* at 679. When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The *Starr* court held,

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend

itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Id.*

## III. Discussion

### A. Declaratory and injunctive relief

As an initial matter, the court dismisses Anniversary's second and third claims for relief because neither is a standalone claim. Declaratory relief is a remedy that the court may grant after Anniversary has established and proven its case; it is not an independent, substantive cause of action. *See Stock W., Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989). Similarly, "[i]njunctive relief, like damages, is a *remedy requested by the parties, not a separate cause of action.*" *Cox Commc'ns PCS, L.P. v. City of San Marcos*, 204 F. Supp. 2d 1272, 1283 (S.D. Cal. 2002) (citing BLACK'S LAW DICTIONARY 201 (1979) (defining cause of action as "[a] situation or state of facts which would entitle party to sustain action and give him right to seek a judicial remedy in his behalf.")) (emphasis in original); *see also, e.g., Nationstar Mortg. LLC v. Summit Hills Homeowners Ass'n*, No. 2:16-cv-01637-MMD-GWF, 2019 WL 2453645, at *1 n.2 (D. Nev. June 12, 2019), *appeal dismissed sub nom. Nationstar Mortg. LLC v. Edward Kielty Tr.*, No. 19-16390, 2019 WL 7578319 (9th Cir. Oct. 17, 2019); *Ozawa v. Bank of N.Y. Mellon*, No. 2:12-cv-494-JCM-RJJ, 2012 WL 3656520, at *3 (D. Nev. Aug. 24, 2012).

### B. Quiet title claim

The court now turns to Anniversary's single substantive cause of action: quiet title pursuant to 28 U.S.C. § 2409a. Section 2409(d) requires the complaint to "set forth with particularity the nature of the right, title, or interest which the plaintiff claims in the real property, the circumstances under which it was acquired, and the right, title, or interest claimed by the United States." 28 U.S.C. § 2409a(d). Notably, the QTA does not permit suits against the United States based upon adverse possession. *Id.* § 2409a(n).

"Courts which have addressed whether a plaintiff, as a member of the public, can assert a title under the Quiet Title Act for access to routes established pursuant to R.S. 2477 have ruled

James C. Mahan
U.S. District Judge

that there is no subject matter jurisdiction." *Friends of Panamint Valley v. Kempthorne*, 499 F. Supp. 2d 1165, 1175 (E.D. Cal. 2007) (collecting cases). The Tenth Circuit in *Kinscherff* found that the public does not have a real property interest in public roads under New Mexico law by reviewing that state's laws pertaining to quiet title actions. *Kinscherff v. United States*, 586 F.2d 159, 160 (10th Cir. 1978). Under New Mexico law, the interest necessary to pursue a quiet title action was an interest in the title to the property. *Id.* (citing *Rock Island Oil & Refining Co. v. Simmons,* 73 N.M. 142, 386 P.2d 239 (1963)). The United States District Court for the District of Colorado adopted the same approach, applied Colorado law, and came to the same conclusion in *Staley v. United States*, 168 F. Supp. 2d 1209, 1213 (D. Colo. 2001). The Eighth Circuit unambiguously "agree[d] with the Tenth Circuit that the right of an individual to use a public road is not a right or interest in property for purposes of the Quiet Title Act." *Long v. Area Manager, Bureau of Reclamation*, 236 F.3d 910, 915 (8th Cir. 2001).

Accordingly, the court now turns to Nevada law. Under Nevada law, "[a]n action may be brought by any person against another who claims an estate or interest in real property, adverse to the person bringing the action for the purpose of determining such adverse claim." Nev. Rev. Stat. § 40.010. "A plea to quiet title does not require any particular elements, but each party must plead and prove his or her own claim to the property in question and a plaintiff's right to relief therefore depends on **superiority of title**." *Chapman v. Deutsche Bank Nat'l Trust Co.*, 302 P.3d 1103, 1106 (Nev. 2013) (internal quotation marks and citations omitted) (emphasis added).

Thus, as in New Mexico and Colorado, a Nevada quiet title action requires the plaintiff to assert a claim to title, not merely a right of access. *See also Breliant v. Preferred Equities Corp.*, 918 P.2d 314, 318 (Nev. 1996) ("In a quiet title action, the burden of proof rests with the plaintiff to **prove good title in himself**." (emphasis added)). In the *Staley* court's words, "[t]he [c]ourt refuses [p]laintiff['s] invitation to blur the lines between a title interest and a right of access to a public road." *Staley*, 168 F. Supp. 2d at 1213.

Anniversary does not claim title to Anniversary Mine/Narrows Road. Nowhere in Anniversary's complaint does it allege it even has an easement. Instead, Anniversary alleges that

James C. Mahan
U.S. District Judge

it "seeks quiet title to the use of the road for commercial purposes and to be able to maintain the road within the scope of the existing right-of-way . . . ." (ECF No. 1 at 2).

Accordingly, Anniversary does not satisfy the pleaded-with-particularity standard required by 28 U.S.C. § 2409(d). Dismissal of its claim is appropriate, and the court grants both motions to dismiss. (ECF Nos. 19; 25).

*C. Dismissal with prejudice*

When a plaintiff's claim is dismissed because the allegations of jurisdiction are defective, it is ordinarily entitled to cure those defects by amendment. 28 U.S.C. § 1653. For that reason, "[d]ismissal without leave to amend is improper unless it is clear, upon de novo review, that the complaint could not be saved by amendment." *Snell v. Cleveland, Inc.*, 316 F.3d 822, 828 n.6 (9th Cir. 2002) (citation omitted).

Here, both defendants note that this is the third time Anniversary or its predecessor-in-interest have come to court asserting claims regarding the Anniversary Mine/Narrows Road. (ECF Nos. 19 at 2; 25 at 7–8); *see also Bob Moore, LLC v. United States*, No. 2:15-cv-00660-GMN-PAL, 2016 U.S. Dist. LEXIS 38696 (D. Nev. Mar. 23, 2016); *Anniversary Mining Claims, LLC v. Clark County*, No. 2:16-cv-00932-JCM-GWF, 2017 U.S. Dist. LEXIS 20619 (D. Nev. Fe. 14, 2017); and *Anniversary Mining Claims, LLC v. Clark County,* Eighth Judicial District Court of Nevada, case no. A-18-776140-C. Anniversary has been unsuccessful each time. Anniversary can only assert its ability to use a public right-of-way, but cannot prove title in itself.

Accordingly, the court finds that Anniversary's defective jurisdictional allegations cannot be cured by amendment. Dismissal with prejudice is appropriate.

**IV.    Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that the county's motion to dismiss (ECF No. 19) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that the federal defendants' motion to dismiss (ECF No. 25) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that Anniversary's complaint be, and the same hereby is, DISMISSED with prejudice.

The clerk is instructed to enter judgment and close the case accordingly.

DATED March 23, 2020.

_____
UNITED STATES DISTRICT JUDGE

James C. Mahan
U.S. District Judge